

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 16, 1973

Mr. Jerry L. Calhoon
County Attorney
Anderson County
Palestine, Texas 75801

Opinion No. H- 130

Re: Whether area annexed subsequent to local option election becomes "wet" upon the holding of another local option election

Dear Mr. Calhoon:

Your request for our opinion involves the local option laws of the State of Texas. According to the facts which you have given us, a local option election was held on April 7, 1962, in the City of Palestine on a petition to legalize the sale of alcohol for off-premises consumption. The city voted "wet" in that election.

In Texas, the ballot proposition in a local option liquor election is always the same whether the election is to legalize or to prohibit liquor sales. Article 666-40, V. T. P. C. The effect of the vote is determined by the reason for it -- that is, by whether it is an election to legalize the sale of liquor or an election to prohibit it.

Subsequently, on August 13, 1962, a "dry" area was annexed by the City of Palestine. On November 16, 1966, a petition for a local option election to prohibit the sale of alcoholic beverages for off-premises consumption was filed in exactly the same language as that involved in the 1962 election. The election was held January 7, 1967, and the majority of the voters, including those of the annexed area, voted "for" the legal sale of all alcoholic beverages for off-premises consumption only.

Your question is whether, once annexed, the dry area in question became "wet" by the local option election of January 7, 1967.

It is the law of this State that annexation does not change the local option status of the area annexed. A dry area annexed by a wet city remains dry. Houchins v. Plainos, 110 S. W. 2d 549 (Tex. 1937).

The situation you present is similar to one involved in Attorney General Opinion M-335 (1969), with one important distinction. There, the vote after annexation was one for the legalization of the sale of alcoholic beverages. Here, it was one for the prohibition of such sale. This is a distinction which cannot be ignored. It is required that those petitioning for the election indicate whether it is to be one to legalize or to prohibit the sale of alcoholic beverages. See Article 666-32 and Article 666-40, Vernon's Texas Penal Code, setting out the various propositions which may be submitted. An "against" vote in a legalizing election does not have a prohibitory effect and similarly a "for" vote in a prohibitory election has no legalizing effect. Attorney General Opinions H-59 (1973), WW-1104 (1961).

Since, as you state, the election in January of 1967 was one to prohibit the sale of alcoholic beverages for off-premises consumption, and the voters voted for such consumption, the election was without any effect and could not affect the status of any area. Consequently, the annexed area did not become wet by reason of the election on January 7, 1967.

## SUMMARY

Under the local option laws, the status of an area from dry to wet can only be accomplished by a "for" vote on a legalizing proposition and, similarly, transformation of a wet area to a dry area can only be accomplished by an "against" vote on a prohibitory proposition. A city prohibitory election which does not result in a vote unfavorable to the sale of alcoholic beverages has no effect at all upon the status of the city or any part of it.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee